IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EARLANDO HARRISON,  )
                    )
    Plaintiff,      )
                    )
v.                  )   Civil Action No. 3:19CV34–HEH
                    )
ARTISHA GREGG, *et al.*,  )
                    )
    Defendants.     )

**MEMORANDUM OPINION**
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Earlando Harrison, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on May 21, 2019, the Court directed Harrison to file a particularized complaint within fourteen (14) days of the date of entry thereof. Harrison filed his Particularized Complaint. (ECF No. 12.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A. The first standard includes claims premised upon "'indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Harrison alleges that Commonwealth's Attorney Artisha Gregg and Detective Timothy Forbes committed various errors during his criminal prosecution.[1] Specifically, Harrison contends that:

Claim One: Defendant Gregg engaged in a malicious prosecution of Harrison due to the absence of evidence to support the charges. (Part Compl. 1–4.)

Claim Two: "[A]fter a conviction was procured . . . the plaintiff came into possession of corroborating evidence (a notarized affidavit written by the alleged victim/accuser) that provided that the plaintiff was a victim of extrinsic fraud and actually innocent" but (a) Defendant Gregg and (b) Defendant Forbes ignored this evidence. (*Id.* at 3–4.)[2]

Claim Three: On September 17, 2014, Detective Forbes falsely arrested him and used "an impermissibly suggestive identification procedure as the only evidence of probable cause to obtain a warrant for [his] arrest." (*Id.* at 2.)

---

[1] A jury sitting in the Circuit Court for the City of Hampton, Virginia convicted Harrison of one count of malicious wounding and one count of use of a firearm in the commission of a felony and the Circuit Court sentenced him to fifteen years of incarceration. *Harrison v. Baker*, No. 3:18CV85–HEH, 2019 WL 404974, at *1 (E.D. Va. Jan. 31, 2019).

[2] Harrison raised similar claims about this newly-discovered evidence and prosecutorial misconduct in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Harrison*, 2019 WL 404974, at *1. In an extensive discussion of his alleged actual innocence and the alleged prosecutorial misconduct, the Court found these claims lacked merit. *Id* at *6–16, *17.

3

Harrison demands punitive damages in the amount of $250,000 from each defendant. For the reasons stated below, Harrison's Particularized Complaint will be dismissed for failure to state a claim upon which relief may be granted, and as frivolous and malicious.

### III. ANALYSIS

#### A. Prosecutorial Immunity

Prosecutorial immunity bars Harrison's claims against Defendant Gregg. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Harrison fails to plead facts plausibly suggesting that Defendant Gregg's purported actions was taken outside of her

4

role as an advocate for the state in his criminal prosecution.[3] *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . .") Thus, Defendant Gregg is immune from liability under § 1983 and Claims One and Two (a) will be dismissed.

### B. Harrison's Claims Are Barred By *Heck*

Here, Harrison seeks monetary damages that would require the invalidation or vacation of his criminal convictions. The basic premise behind his allegations, that he may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence as well as monetary damages stemming from the purportedly improper incarceration, "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

---

[3] For example, Harrison suggests that, either during or after his conviction, the Commonwealth's Attorney's office refused to consider allegedly exculpatory evidence he obtained from the witness. Assuming *arguendo* Harrison could demonstrate that this evidence was material and exculpatory, prosecutors enjoy absolute immunity from civil liability for allegations that they withheld material exculpatory evidence. *Brown v. Daniel*, Nos. 99–1678, 99–1679, 99–1680, 2000 WL 1455443, at *2 (4th Cir. 2000) (quoting *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994)).

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In Claim Two (b), Harrison contends that after his conviction, Harrison provided Defendant Forbes with "corroborating evidence . . . that proved that [he] was the victim of extrinsic fraud and actual innocent" but Defendant Forbes failed to investigate it. (Part Compl. 5.) In Claim Three, Harrison alleges that Defendant Forbes violated his rights under the Fourth Amendment by falsely arresting him without probable cause. (*Id.* at 2, 5–6.) *Heck* and related cases bar Harrison's claims seeking monetary damages because success on the action would necessarily imply the invalidity of his convictions. *See Wilkinson*, 544 U.S. at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Harrison also presents no allegation that the state court has invalidated his current convictions. *Heck*, 512 U.S. 486–87. Thus, Harrison's claims challenging his guilt of the charges and his arrest are frivolous. *Wilkinson*, 544 U.S. at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff']s favor"). Accordingly, *Heck* bars Harrison's claims against Defendant Forbes and Claims Two (b) and Three will be dismissed.

C.  **Claim Three Is Untimely**

Harrison contends that Defendant Forbes violated his rights under the Fourth Amendment by falsely arresting him without probable cause on September 17, 2014. The Court recognizes that the Supreme Court has noted that certain Fourth Amendment claims potentially may be raised in a § 1983 action. *See Heck*, 512 U.S. at 487 n.7.[4] However, no need exists to extensively explore the applicability of *Heck* to Harrison's claim because, as discussed below, it is barred by the statute of limitations.

Under 28 U.S.C. § 1915A, the Court must dismiss claims that the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2019). Thus, Harrison should have filed his Complaint within two years from

---

[4] The Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in trial resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (internal citations omitted).

when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Harrison filed his Complaint on August 1, 2018.[5] Thus, for Harrison's Fourth Amendment claim against Defendant Forbes to be timely, it must have accrued after August 1, 2016. Harrison challenges the probable cause for his arrest on September 17, 2014. Any claim pertaining to his false arrest would have accrued that day. *See Anderson v. Keeling*, 71 F. App'x 28, 29 (10th Cir. 2003). Nevertheless, at the very latest, Harrison would have known of any challenge to the probable cause for his arrest, on June 2, 2015 when the Circuit Court entered judgment against him. *See Harrison*, 2019 WL 404974, at *1. Because Harrison's claim accrued prior to August 1, 2016, it is untimely. Accordingly, Claim Three will be dismissed as frivolous.

## IV. THE ACTION IS MALICIOUS

The Court also finds that Harrison fails to bring this action in good faith to vindicate his legal rights, but instead, brings it maliciously, to harass the prosecutor and detective responsible for obtaining his conviction. Harrison has already attempted to prove his innocence by way of a writ of habeas corpus under 28 U.S.C. § 2254 wherein

---

[5] Harrison initially filed his complaint and it was docketed as *Harrison v. Gregg*, No. 3:18CV525–HEH (E.D. Va. Aug. 1, 2018.) Although that action was dismissed, the Court filed it as this new action due to Harrison's clear interest in pursuing litigation of the complaint. (*See* ECF No. 1.)

9

he raised similar claims as those raised in this Particularized Complaint. *See Harrison v. Baker*, No. 3:18CV85–HEH, 2019 WL 404974, at *1 (E.D. Va. Jan. 31, 2019). The Court found those claims lacked merit. *See id.* at *15–17. Accordingly, the Court also dismisses this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 2d 1132, 1136–38 (E. D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## V. CONCLUSION

Accordingly, Harrison's claims and the action will be dismissed with prejudice for failure to state a claim, and as legally frivolous and malicious. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 13, 2019
Richmond, Virginia